**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE EQUITY-LEAGUE PENSION, HEALTH, AND 401(K) TRUST FUNDS,<br><br>                        Plaintiffs,<br><br>              -against-<br><br>PARADISE SQUARE PRODUCTION SERVICES INC., and BERNARD ABRAMS.<br><br>                      Defendants. | **COMPLAINT**<br><br>**Case No.** |

Plaintiffs, the Trustees of the Equity-League Pension Trust Fund ("Pension Fund"), Equity-League Health Trust Fund ("Health Fund"), and Equity-League 401(k) Trust Fund ("401(k) Fund") (jointly, the "Funds"), by their attorneys Spivak Lipton LLP, bring this action to collect delinquent employee benefit plan contributions owed by Defendants Paradise Square Productions Inc. ("Paradise Square") and Bernard Abrams ("Abrams"). Complaining of Defendants, Plaintiffs respectfully allege as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the instant action pursuant to Sections 502(a)(3), 502(e)(1), and 502(f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1132(f), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Venue is proper in the Southern District of New York pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), and LMRA Section 301, 29 U.S.C. § 185(a).

**PARTIES**

3. At all relevant times, Plaintiffs have administered and now administer the Funds.

4. The Pension Fund and Health Fund were established pursuant to collective bargaining agreements on March 23, 1961, and by Agreements and Declarations of Trust (the "Trust Agreements"), which have been amended from time to time. The 401(k) Fund was established pursuant to collective bargaining agreements on January 25, 2001, and by its Agreement and Declaration of Trust (the "Trust Agreement"), which has been amended from time to time.

5. The Funds are "employee benefit plans" established under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1). The Funds are administered at 165 West 46th Street, 8th Floor, New York, New York 10036.

6. The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Actors' Equity Association ("Equity"), to invest and maintain those monies, and to provide retirement and health benefits (including hospitalization, surgical and medical benefits) to those qualified to receive them.

7. Upon information and belief, at all times relevant hereto, Defendant Paradise Square was and is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business at 1650 Broadway, Suite 608, New York, New York 10019. At all times relevant hereto, Defendant Paradise Square was engaged in the business of producing a live theatrical show, and was and is, upon information and belief, an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1), and of Sections 2(2), 2(6), and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6), and 152(7).

8. Upon information and belief, at all times relevant hereto, Defendant Abrams is a Producer of live theatrical shows residing at 155 St. Clair Ave West, Suite 1701, Toronto, ON M4V 0A1, Canada, with a place of business at 1650 Broadway, Suite 608, New York, New York 10019. Upon information and belief, he is an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1), and of Sections 2(2), 2(6), and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6), and 152(7).

**FACTS**

9. Defendants agreed to be bound by Equity's Agreement and Rules Governing Employment Under the Equity/League Production Contract ("Agreement"). The Agreement obligates Defendants to provide contributions to the Funds for the show "Paradise Square." Relevant portions of the Agreement are attached as Exhibit A.

10. Article 31 of the Agreement requires that Defendants pay contributions to the Health Fund on behalf of each actor per workweek. (Ex. A at 34-35.)

11. Article 49(C) of the Agreement requires that Defendants pay contributions to the Penson Fund in the amount of 6% of each actor's weekly salary. (Ex. A at 58.)

12. Article 49(F) of the Agreement requires that Defendants pay contributions to the 401(k) Fund in the amount of 4% of each actor's weekly salary. (Ex. A at 58.)

13. Under the terms of the Agreement, Defendants agreed to contribute to the Funds in accordance with the rules and regulations of such Funds and agreed to be bound by the Agreement and Declaration of Trust. (Ex. A, §§ 31(D), 49(A), 49(I)).

14. Plaintiffs have adopted Contribution and Delinquency Collection Guidelines (the "Collection Guidelines"), which have been amended from time to time. The Collection Guidelines

3

are policies and procedures governing the collection of contributions owed to the Funds by contributing employers, including the calculation of interest and liquidated damages in the case of delinquent contributions.

15. On February 7, 2022, Defendants Paradise Square and Abrams executed a Security Agreement with Equity, a copy of which is attached hereto as Exhibit B. Defendants Paradise Square and Abrams signed as Producer and Guarantor, respectively. As signatories to the Security Agreement, Defendants Paradise Square and Abrams are jointly and severally liable for any breach of the terms of the Agreement. (See Ex. B.)

16. Defendants are delinquent in their contributions to the Funds for the work weeks ending May 22, 2022 through July 17, 2022 in an estimated principal amount of $56,517.57 of health contributions; $46,530.14 of 401(k) employer contributions; and $3,228.81 of pension contributions, for a total principal amount of $106,276.52. This amount, plus interest and liquidated damages pursuant to the Collection Guidelines, remains due.

## Violations and Harm

17. Defendants' failure to make required payments violates the above-described Agreement, the Security Agreement, the Trust Agreements, Collection Guidelines and applicable provisions of ERISA. Plaintiffs seek enforcement of these provisions pursuant to ERISA Section 502(a)(3)(b)(ii), 29 U.S.C. §1132(a)(3)(b)(ii), and LMRA Section 301, 29 U.S.C. § 185.

18. As a result of the above-described omissions, breaches, and violations by Defendants, Plaintiffs may be required either to: (a) deny plan benefits to plan participants employed by Defendants for whom contributions have not been made, thereby causing to such participants substantial and irreparable harm, or (b) provide plan benefits to participants employed by Defendants, notwithstanding Defendants' failure to make the required contributions, thereby

reducing the corpus of such Funds and endangering the rights of other plan participants on whose behalf full contributions have been made, all to their substantial and irreparable injury.

19. Plaintiffs, on their own behalf, and on behalf of all plan participants (i.e. industry employees) for whose benefit the Funds were established, have requested that Defendants perform their obligations, but Defendants have failed to perform as herein alleged.

20. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendants are ordered to specifically perform all its obligations required under the above-described Agreement, the Security Agreement, the Trust Agreements, and ERISA, and are restrained from continuing to fail to perform as thereunder required.

## FIRST CAUSE OF ACTION
### (ERISA Delinquent Contributions)

21. Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 20 inclusive.

22. Defendants are liable to Plaintiffs under Section 515 of ERISA, 29 U.S.C. § 1145 for failure to timely pay benefit fund contributions on behalf of their employees and related sums in the following amounts:

(a) $106,276.52 in unpaid contributions to the Funds, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b) interest on all unpaid contributions through the date of the judgment pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c) liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d) attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);

(e) costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D); and

(f) all additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## SECOND CAUSE OF ACTION
### (LMRA Breach of Contract)

23. Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 23 inclusive.

24. Defendants are liable to Plaintiffs under LMRA Section 301, 29 U.S.C. § 185, for breaching the Agreement, including but not limited to Articles 31, 49(C), and 49(F), by failing to timely pay benefit fund contributions on behalf of their employees and related sums in the following amounts:

(a) $106,276.52 in unpaid contributions to the Funds, along with any additional unpaid contributions as of the date of judgment;

(b) interest on all unpaid contributions through the date of the judgment; and

(c) liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request a judgment against Defendants:

(a) for unpaid contributions to the Funds in the amount of $106,276.52, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b) for interest on said unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c) for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d) for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D), and incurred in the enforcement and collection of a judgment in this action;

(e) that Defendants be specifically ordered to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs, and fees; and

(f) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 3, 2023

Respectfully submitted,

/s/ Nicholas J. Johnson
Nicholas J. Johnson
SPIVAK LIPTON LLP
1040 6th Avenue, 20th Floor
New York, NY 10018
Ph: 212-765-2100
Fax: 212-765-8954
njohnson@spivaklipton.com

*Attorneys for Plaintiffs*